

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2007

# USA v. Leader

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Leader" (2007). *2007 Decisions*. Paper 1776.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1776

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1035

———————

UNITED STATES OF AMERICA;
GOVERNMENT OF THE VIRGIN ISLANDS
v.
SAMUEL ROGER LEADER,
Appellant

On Appeal from the  District Court
for the Virgin Islands
(D.C. No. 03-cr-00142)
District Judge: Honorable Raymond L. Finch

———

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2006

Before: MCKEE, BARRY AND STAPLETON,
CIRCUIT JUDGES

(Filed: January 11, 2007)

———

OPINION OF THE COURT

———

MCKEE, Circuit Judge.

Samuel Roger Leader appeals the sentence that was imposed after he pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326. For the reasons that follow, we will remand to the district court for resentencing pursuant to our decision in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006).

## I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history except insofar as is helpful to our brief discussion. It is, however, important to note that the district court gave the following explanation of this sentence at the sentencing:

> THE COURT: Mr. Leader, I note that the sentencing guidelines are, ... advisory, but that being so, I must find some reasonable compelling factors to invoke liability to ignore the guidelines.
>
> I have heard none. None at all. I accept the recommendations and findings of the Office of Probation. I will therefore [sentence you to] the Bureau of Prisons for fifty-one months. ...
>
> This is your sentence, sir, do you have any questions?

App. 28-29.

The government argues that there was no error at sentencing, and that even if there was, the defendant's failure to object to the sentence that was imposed requires that we review for plain error only, a standard which the government claims the defendant cannot meet. Appellee's Br. at 6. In fact, the government interprets Leader's challenge

to the sentence at this point as being tantamount to a claim that he was denied effective assistance of counsel because his attorney did not object. The government also claims that Leader is not entitled to relief because, "even if Leader had preserved his sentencing issue, his sentence is reasonable." *Id*. at 9. According to the government, the sentence was reasonable because the district court "heard argument from the defense and prosecution and gave meaningful consideration to the § 3553 factors." *Id*. We cannot agree.

It is clear from the aforementioned excerpt from the sentencing hearing that the district court did not give adequate consideration to 18 U.S.C. § 3553. In fact, from this record we cannot be certain the court gave *any* consideration to the sentencing factors set forth in that provision other than the sentencing guidelines.

We do, however, agree that our review is limited to whether the district court committed plain error in imposing the sentence. In order to establish plain error in the imposition of a sentence, a defendant must establish an error, that is plain, and that affected substantial rights of the defendant. *United States  v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998). In *Cooper*, we stated,  "district courts must impose sentences that promote the sentencing goals listed in 18 U.S.C. § 3553(a)." 437 F.3d at 225-26. It is now clear that a sentence that is imposed without giving adequate consideration to those factors is, by definition, "imposed in violation of the law," and therefore unreasonable. *See Cooper*, 437 F.3d at 328. In order to ensure that a sentence is properly imposed,

"[t]he record must demonstrate the trial court gave meaningful consideration to the §3553(a) factors." *Id*., at 329. "The court need not discuss every argument made by a litigant . . . Nor must the court discuss and make findings as to each of the §3553(a) factors . . .." *Id.* However, the record must contain a sufficient reference to those factors to allow us to review for reasonableness. Where, as here, the defendant has advanced non-frivolous arguments based on the § 3553(a) factors, some articulation of the court's thoughts regarding them is a necessary predicate for our review. *United States v. Jackson,* 467 F.3d 834, 841 (3d Cir. 2006).

This record contains no discussion of the § 3553(a) factors at all or the arguments advanced by the defense in reliance thereon. Rather, it contains only the aforementioned statement that the district court would impose a sentence pursuant to the sentencing guidelines absent "compelling factors to . . . ignore the guidelines." This approach to sentencing is clearly in violation of the sentencing regime that continues to evolve in the wake of *Booker* and its progeny.

As we have previously noted, a sentence that is within the appropriate guideline range is not, by that fact alone, a reasonable sentence. In *Cooper*, we explained that "[a] sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range [,]" 437 F.3d at 331, but we refused to usher in a new round of mandatory guidelines by suggesting that a sentence that falls within the guidelines is *necessarily* reasonable.

4

Given the discussion in *Cooper*, as well as *United States v Davis*, 407 F.3d 162, 164-65 (3d Cir. 2005), it is clear that the sentence that was imposed here cannot be sustained on this record, and that the district court must be afforded another opportunity to impose a sentence based upon a consideration of *all* of the factors in §3553(a), not merely on the guidelines alone.[1]

## II.

For the foregoing reasons that follows we will remand this case to the district court of the Virgin Islands for resentencing pursuant to *United States v. Booker*.

---

[1]Because we are vacating Leader's sentence and remanding his case for resentencing, we need not address his ineffective assistance of counsel claim.